UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al-Mujahidin, *also known as or formerly known as* John Hamilton,<br><br>                        Petitioner,<br><br>vs.<br><br>Leroy Cartledge, Warden,<br><br>                        Respondent. | ) C/A No. 9:14-4623-BHH-BM<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Petitioner, Muhammad Al-Mujahidin, also known or formerly known as John Hamilton, a state prisoner in the McCormick Correctional Institution of the South Carolina Department of Corrections, has filed this Petition for Writ of Habeas Corpus pro se and in forma pauperis, pursuant to 28 U.S.C. § 2241. In this Petition, Petitioner seeks to challenge his 1998 convictions for assault and battery with intent to kill (ABWIK) and possession of contraband for which he was sentenced to a term of life imprisonment without the possibility of parole. Petition, ECF No. 1 at 2-3.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by

attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945)); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court;" Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

Petitioner states that he was convicted of ABWIK and possession of contraband and sentenced to life without parole on November 12, 1998. ECF No. 1 at 2-3.[1] Petitioner seeks to have

---

[1] Records from Richland County indicate that Petitioner was sentenced to 10 years for contraband and to life without parole for ABWIK. See Richland County 5th Judicial Circuit Public Index, http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=98GS4035549&CaseType=C (last visited Jan. 12, 2015)[contraband] http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=400 01&Casenum=F072316&CaseType=C (last visited Jan. 12, 2015)[ABWIK]. The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found (continued...)

2

his sentence vacated, claiming that his sentence is unconstitutional, violates his Eighth and Fourteenth Amendment rights, violates his due process rights, and is a "fundamental miscarriage of justice." Id. at 9-10. However, a review of the docket of this Court reveals that Petitioner previously filed a § 2254 petition in this Court on January 24, 2008. In an order dated December 10, 2008, the Honorable David C. Norton, United States District Judge, dismissed that petition with prejudice for lack of prosecution. See Mujahidin v. Warden, C/A No. 9:08-178-DCN (D.S.C.).

Based on the foregoing, the Petition filed in this case is subject to summary dismissal because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) (to qualify as a "successive" petition, prior petition must have been adjudicated on the merits).[2] "It is well settled that habeas corpus petitions submitted subsequent to a dismissal of a previous petition with prejudice for lack of prosecution will be considered successive." Fishburne v. McCall, C/A No. 8:13-2453-TMC, 2013 WL 5797673 (D.S.C. Oct. 28, 2013); see also Fed.R.Civ.P. 41(b) [unless otherwise specifically stated, dismissal for failure to prosecute is with prejudice]; Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ["The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."].

---

[1](...continued)
postings on government web sites as inherently authentic or self-authenticating].

[2]The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997); Latimer v. Warden, No. 6:10-721-JFA-WMC, 2010 WL 2720964 (D.S.C. April 14, 2010), adopted, 2010 WL 2720912 (D.S.C. July 08, 2010).

3

Although Petitioner is attempting to bring this action pursuant to 28 U.S.C. § 2241, it presents claims more properly asserted under 28 U.S.C. § 2254, as Petitioner is in custody pursuant to a state court judgment and he alleges that his constitutional rights were violated. See 28 U.S.C. § 2254(a).[3] Because Petitioner has already filed a petition under § 2254, he presumably hoped that by styling his current petition as being brought pursuant to pursuant to § 2241 he would avoid the statutory requirement to seek leave from the Court of Appeals to authorize this district court to consider his successive petition. However, Petitioner cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition. Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004); see Ferrell v. Warden of Lieber Corr. Inst., C/A No. 9:10–1223–CMC–BM, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), adopted, 2010 WL 3258295 (D.S.C. Aug.16, 2010). If this were not the case, then "a state prisoner could simply opt out of its [2254] operation by choosing a different label for his petition." Id. (citing Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003)). Cf. Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003) [Section 2244(d)(1), the one year statute of limitations, "applies to claims challenging any aspect of custody, so long as the petitioner is in custody pursuant to a state court judgment"]. Hence,

---

[3]Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which a state inmate should proceed when challenging the manner of execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. See White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010). But see Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). The Fourth Circuit noted the split of authority in Gregory v. Coleman, No. 06–6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007), but does not appear to have taken a definitive stance to date.

4

Petitioner cannot thwart Congress' statutory rules governing habeas petitions through the selection of differing labels for his petitions.

Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals,[4] and the "gatekeeping" mechanism of 28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.[5] See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) [the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"]; In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ["Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."]; United States v. Winestock, 340 F.3d 200, 205 (4th

---

[4] A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Even if a petitioner's grounds for relief satisfy these strict requirements, however, the Fourth Circuit is the proper tribunal to make that decision when authorization is requested, not the district court. A petitioner in this district can obtain the necessary forms for filing a motion for such authorization from the Clerk of Court's Office of the United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

[5] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

5

Cir. 2003) ["In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."].

Here, there is no indication that Petitioner has received permission from the Fourth Circuit Court of Appeals before filing the present Petition. Consequently, this Court has no jurisdiction to consider the instant Petition. Cf. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); In re Williams, 444 F.3d at 236-37 (4th Cir. 2006).

### **Recommendation**

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) [district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent].

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

January 14, 2015
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



7