IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al-Mujahidin, *also known as or formerly known as* John Hamilton, | ) Civil Action No.: 9:14-4623-BHH ) ) ) |
| Petitioner, | ) **OPINION AND ORDER** ) |
| v. | ) ) |
| Leroy Cartledge, Warden, | ) ) |
| Respondent. | ) ) |

Petitioner Muhammad Al-Mujahidin ("the petitioner"), a state inmate proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2241. (ECF No. 1). The matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) D.S.C.

On August 13, 2014, Magistrate Judge Marchant issued a Report and Recommendation recommending that the court dismiss the petition without prejudice and service of process. (ECF No. 9.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 9 at 7.) The petitioner has filed no objections and the time for doing so expired on February 2, 2015.

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any

portion of the Report and Recommendation of the magistrate judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

After a careful review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF No. 9) by reference into this order. It is therefore ORDERED that this action is DISMISSED without prejudice and without requiring respondent to file a return.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484

(2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    IT IS SO ORDERED.

                                                          <u>/s/Bruce Howe Hendricks</u>
                                                          United States District Judge

February 23, 2015
Greenville South Carolina